

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

**ENTERED**
**01/18/2008**

| | | |
|---|---|---|
| **IN RE:** | § | |
| **GENESIS PEDIATRIC DEVELOPMENT** | § | **CASE NO: 04-70920** |
| **LLC** | § | |
|     **Debtor(s)** | § | |
| | § | **CHAPTER  7** |
| | § | |
| **THE MED PLEX, L.L.P.** | § | |
|     **Plaintiff(s)** | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 07-7001** |
| | § | |
| **TEXAS STATE BANK** | § | |
|     **Defendant(s)** | § | |

## <u>MEMORANDUM OPINION</u>

For the reasons set forth below, Texas State Bank's Motion to dismiss this adversary proceeding is denied.  This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157.

### *Background*

On October 4, 2004, Genesis Pediatric Development, LLC ("Debtor") filed for chapter 11 bankruptcy relief.  In its schedules, Debtor listed one piece of real property, located at 2201 South Cynthia, McAllen, TX 78506.  Debtor scheduled the property as valued at $3,600,000 encumbered by three liens.  The first lien holder listed was Texas State Bank (TSB) with a claim of $2,380,000;  the second listed holder lien was Med Plex, LLC (Med Plex) with a claim of $137,000;  the third listed lien holder was Burns Building Construction with a lien of $197,000.

On March 18, 2005, the first lien holder, TSB, filed a motion for relief from the stay to foreclose on the property.  After a hearing on the matter, the Court entered an agreed order granting TSB's motion for relief from the stay.

The bankruptcy case was converted to a chapter 7 on July 1, 2005 and eventually dismissed on March 20, 2006.

On January 24, 2007, Med Plex filed an adversary proceeding, pursuant to Bankruptcy Rule 9024, seeking relief from the agreed order lifting the stay on the basis of fraud on the court. Med Plex argues that it did not receive notice of the motion to lift stay despite TSB's affirmative representations to the Court, through certificates of service, that all parties in interest had been served with the motion and notice of the hearing. These affirmative representations, Med Plex asserts, constitute fraud on the court. Alternatively, Med Plex argues that TSB knew that Med Plex had not been served and TSB's silence in failing to tell the Court of the lack of service constitutes fraud on the court. TSB filed a motion to dismiss.

A hearing was held on March 19, 2007. At the hearing, the Court expressed concern as to whether Med Plex's complaint met Bankruptcy Rule 7009, incorporating Federal Rule of Civil Procedure 9, standards for pleading fraud with particularity and whether the Court should treat the case as moot under the doctrine of prudential mootness. Med Plex made an oral motion to amend its complaint. The Court entered a case management order granting the motion to amend, allowing repleading and ordering briefing on the issue of prudential mootness. After multiple requests for extensions of time to file, the amended complaint and the briefs were filed on September 21, 2007. After the amended complaint was filed, TSB filed an amended motion to dismiss.

On October 15, 2007, the parties announced that negotiations were ongoing and requested a continuance of a later set hearing. The hearing was continued to November 20, 2007, at which time, the parties requested that the Court withhold ruling on the motion to

dismiss.  The Court informed the parties that it would withhold ruling until January 4, 2008. This date has now passed and the parties have not yet filed a notice of settlement.

TSB's motion to dismiss argues that dismissal is warranted on three grounds: (1) the Court lacks jurisdiction; (2) dismissal is warranted under the doctrine of prudential mootness; and (3) Med Plex's claim is untimely under Bankruptcy Rule 9024 incorporating Federal Rule of Civil Procedure 60(b)(3).  For the reasons set forth below, the Court denies TSB's motion to dismiss.  The Court also finds that Med Plex has met its burden of pleading under Bankruptcy Rule 7009.

### *Jurisdiction*

TSB asserts that this Court lacks jurisdiction over this proceeding because this matter is not "related to" the bankruptcy case because (a) no bankruptcy case exists; (b) there is no effect on the administration of any estate; and (c) there is no impact on Debtor's estate.

Congress conferred authority to bankruptcy judges through two sections of title 28 of the United States Code: (1) § 1334 which grants subject matter jurisdiction to district courts of all "civil proceedings arising under title 11, or arising in or related to cases under title 11;" and (2) § 157 which allows district courts to transfer cases under title 11 or related to cases under title 11 to bankruptcy courts.  28 U.S.C. § 1334(b); 28 U.S.C § 157(a).  Procedurally, once the court has determined a suit falls under title 11, subject matter jurisdiction vests with the district courts. Bankruptcy judges then have authority by automatic reference under 28 U.S.C. § 157.

Under § 1334, "arising under title 11" has been defined to include "proceedings that involve a cause of action created or determined by a statutory provision of title 11."  *In re Wood*, 825 F.2d 90, 96-97 (5th Cir. 1987) (citing 1 COLLIER ON BANKRUPTCY ¶ 3.01 at 3-23 (1987)). The House Report leading to the 1978 Amendments specifies that the legislature intended for

"arising under" to encompass the ability of the bankruptcy courts to "hear any matter under which a claim is made under a provision of title 11." 1 RICHARD F. BROUDE ET AL, COLLIER ON BANKRUPTCY ¶ 3.01[4][c][i] (15th ed. 2006) (citing H.R. REP. NO. 595 (1977)).

"Arising in" has been described as "a reference to those 'administrative' matters that arise *only* in bankruptcy cases." *In re Wood*, 825 F.2d at 96-97. Such proceedings are "those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.*

A matter is "related to" a case under title 11 if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Wood*, 825 F.2d at 93 (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).

This case involves a third party claim to set aside an agreed order lifting the stay in a case that has been dismissed for almost two years. The outcome of this proceeding will have no effect on the estate. However, the act from which this cause of action arises is expressly created by a statutory provision of Title 11. Without the bankruptcy, this proceeding could not exist. Generally, "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (quoting *Freeport-McMoRan, Inc v. K N Energy,Inc.*, 498 U.S. 426, 428 (1991)). If this were not the standard in bankruptcy proceedings, a debtor who was discontented with the activity of his pending adversary proceeding could orchestrate a dismissal of the bankruptcy case and move the proceeding out of federal court.

However, the Fifth Circuit has held that as a general rule, "the dismissal or closing of a bankruptcy case should result in the dismissal of related proceedings." *In re Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993) (citing *In re Carraher*, 971 F.2d 327 (9th Cir. 1992)).

Notwithstanding this general rule, the Fifth Circuit emphasized that it is not mandatory that the court should automatically dismiss adversary proceedings upon dismissal of the bankruptcy proceeding.  "The decision to retain jurisdiction over related proceedings rests within the sound discretion of the bankruptcy court."  *Id*. at 1202.  *See e.g. Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001) (the court to which a claim or cause of action related to bankruptcy cases is removed "may remand such claim or cause of action on any equitable ground.").

Simply put, the fact that this will not affect the estate does not strip this court of jurisdiction over this proceeding.  *See MBNA America Bank, N.A. v. Hill*, 436 F.3d 104, 109 (2nd Cir. 2006) (finding debtor's § 362(h)[1] claim to be a core proceeding and noting the bankruptcy court's finding that recovery "inures to the debtor rather than to the bankruptcy estate.");  *In re Javens*, 107 F.3d 359, 364 (6th Cir. 1997) ("[a]n action under § 362(h) for damages for willful violation of an automatic stay survives dismissal of the case in bankruptcy.").  Nevertheless, this adversary proceeding was commenced *after* the case was commenced in order to obtain relief with respect to an order entered *before* the dismissal.  This Court is not aware of controlling authority as to this Court's jurisdiction under this scenario.  However, the Court holds that the dismissal of the case does not divest this Court of subject matter jurisdiction with respect to an order issued while this Court had jurisdiction.

The provisions "granting jurisdiction over proceedings 'arising under title 11,' 'arising under a case under title 11,' and 'related to a case under title 11,' were intended to leave no doubt as to the scope of the bankruptcy court's jurisdiction over disputes."  *In re Caldor Corp*., 303 F.3d 161, 175 (2nd Cir. 2002) (quoting H.R. REP. NO. 95-595, 445-46, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6401).  After dismissal of a case, it is in the bankruptcy court's discretion to

---

[1] 11 U.S.C. § 362(h) has now been replaced by § 362(k)

retain jurisdiction. *In re Querner*, 7 F.3d at 1201. Therefore, although this is a third party action which will unlikely create a benefit or cause a detriment to the estate, because the automatic stay is created specifically under Title 11, this Court finds it has continuing jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and that this matter has been referred to this Court under 28 U.S.C. § 157.

### *Prudential Mootness*

A case is considered moot when there is "no longer present a case or controversy under Article III." *Spencer v. Demna*, 523 U.S. 1, 7 (1998). Prudential mootness, however, applies when a case or controversy may still exist, but the Court is unable to grant any effective relief to actually "redress the plaintiff's alleged wrongs." *Kerr v. Bluebonnet Sav. Bank, FSB*, 39 F.3d 320 (5th Cir. 1994) (quoting *First Indiana Fed. Savs. Bank v. F.D.I.C.*, 964 F.2d 503, 507 (5th Cir. 1992)). The doctrine is applicable when there is no longer a "practical purpose" in adjudicating the claims on their merits. *First Indiana Fed. Savs. Bank*, 964 F.2d at 507 (citing *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 756 n.8 (1976)). In cases requesting money damages, the Court must be able to determine that there is no possibility of collecting on a judgment. *See Id.* (finding despite the possible validity of certain claims, there were no set of circumstances upon which the claimant could recover "any money or property as a result of those claims."); *Triland Holdings & Co. v. Sunbelt Serv. Corp.*, 884 F.2d 205, 208 (5th Cir. 1989) (stating, in dicta, dismissal on prudential mootness grounds is justified if there will "*never* be any assets with which to satisfy a judgment").

In this case, the Court cannot determine, and TSB has not demonstrated, that there is no set of circumstances under which Med Plex could recover. It is well settled that in Texas "[a]ctions taken in violation of the automatic stay are void. *Oles v. Curl*, 65 S.W.3d 129, 131-32

(Tex. App.-Amarillo 2001) (citing *Cont'l Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988)); *Paine v. Sealy*, 956 S.W.3d 803, 806 (Tex. App.-Houston [14 Dist.] 1997) (actions taken against a debtor in violation of an automatic bankruptcy stay are void, not merely voidable) (citing *Howell v. Thompson*, 839 S.W.2d 92 (Tex. 1992)).  A judgment in Med Plex's favor setting aside the agreed order, therefore, could lead to a finding that the foreclosure sale occurred in violation of the automatic stay and is, therefore, void.  In its brief, TSB argues that Med Plex received notice of the foreclosure but failed to act and that an action to reverse the order lifting the stay would be meaningless because the "bankruptcy case has been dismissed, and there is no stay."  The Court finds that Med Plex's alleged failure to act, perhaps relevant in a later proceeding, does not justify a preemptory dismissal of this adversary proceeding.  As to the second argument, the Court finds the Sixth Circuit case of *In re Javens* instructive.  107 F.3d 359 (6th Cir. 1997).

In *Javens*, Debtor's bankruptcy case was dismissed after orders were entered finding that certain municipalities were exempt from the automatic stay thereby allowing demolition of buildings owned by Debtor.  *Id.*  After the dismissal, Debtor appealed the orders recognizing the municipalities' exemptions from the automatic stay.  *Id.* at 364.  The Court noted that because dismissal does not "automatically strip a federal court of residual jurisdiction," dismissal should not affect the appealability of orders, especially in light of the fact that the claims for violation of the automatic stay have been found to survive bankruptcy case dismissal.  *Id.* at 364, n.2 (citing *Price v. Rochford*, 947 F.2d 829, 830-31 (7th Cir. 1991); *In re Carraher*, 971 F.2d 327, 329 (9th Cir. 1992)).

This Court agrees with the Sixth Circuit's reasoning and finds that the fact the bankruptcy case has been dismissed does not preclude Med Plex from seeking to set aside the agreed order

lifting the automatic stay.  TSB has not otherwise asserted how Med Plex's remedies would be limited.  The standard in the Fifth Circuit for dismissal based on prudential mootness is high: there must be no set of circumstances upon which Med Plex could recover.  *See e.g Franks*, 424 U.S. at 756; *Triland Holding & Co* ., 884 F.2d at 208.  TSB has not met its burden to show as much.  Accordingly, TSB's motion to dismiss based on prudential mootness is denied.

### Timeliness of Med Plex's Claim and Rule 9 Requirements

The Amended Complaint filed by Med Plex asserts a cause of action under Federal Rule of Bankruptcy Procedure 9024 as it incorporates Federal Rule of Civil Procedure 60 for "fraud on the court."  Rule 60(b)(3) generally allows for a movant to set a side a judgment for "fraud."  However, any motion made under Rule 60(b)(3) must be made "not more than one year after the judgment, order, or proceeding was entered or taken."  Fed. R. Civ. P. 60(b).  The order of which Med Plex complains was entered on April 11, 2005.  Med Plex, therefore, cannot bring a claim under Rule 60(b)(3).  However, the Rule further provides an exception for complaints brought on the basis of fraud on the court.  Specifically, the Rule states that "[t]his rule does not limit the power of a court to entertain an independent action to … set aside a judgment for fraud upon the court."  *Id.*

It is well-accepted that "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court."  *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)).  It has specifically been held that "[l]ess egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.  *Id.* (citing *Kupferman v. Consol. Research & Mfg. Co.*,

459 F.2d 1072 (2d Cir. 1972));  *E.g. Patterson v. Mobil Oil Corp*, 206 F.R. D. 591, 592 (E.D. Tex. 2002).

     As with all claims alleging fraud, the Court must apply the requirements of Rule 9, incorporated into bankruptcy by Federal Rule of Bankruptcy Procedure 7009, in evaluating the sufficiency of Med Plex's complaint.   Rule 7009(b) requires that

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be generally averred.

FED. R. BANKR. P. 7009(b).  The particularity requirement of Rule 9 demands that the party bringing the claim allege "the existence of facts and circumstances sufficient to warrant the pleaded conclusion that fraud ha[s] occurred." *In re Harber Oil Co.*, 12 F.3d 426, 439 (5th Cir. 1994) (citing *In re Kelton Motors Inc,* 121 B.R. 166, 187 (Bankr. D.Vt.1990)).  "The allegations should allege the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants." *In re Harber Oil Co.,*12 F.3d at 439 (citing *Askanase v. Fatjo,* 148 F.R.D. 570, 574 (S.D.Tex.1993));  *See also, Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 ("the Rule 9(b) standards require specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent"), *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.,* 417 F.3d 450, 453 (5th Cir. 2005) ("At a minimum, [Rule 9] requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud.").  Furthermore, "[b]ankruptcy courts should and do insist that the stringent standard imposed by Bankruptcy Rule 7009 be observed by parties claiming fraud . . . ." *In re Haber Oil Co., Inc.* 12 F.3d at 439 (citing *In re Kelton Motors*, 121 B.R. at 187).  The defendant's state of mind, however, may be generally averred. *E.g., Collmer v. U.S. Liquids, Inc.*, 268 F. Supp. 2d 718, 723 (S.D. Tex. 2003).

Med Plex, therefore, has the very high burden of pleading, with particularity, extraordinarily egregious behavior.  While misconduct "such as nondisclosure to the court of facts allegedly pertinent to the matter before it," does not ordinarily support a cause of action for fraud on the court, if TSB did *affirmatively* represent to the Court that service was proper while knowing service was incomplete, such conduct may support a claim for fraud on the court. *Rozier*, 573 F.2d at 1338 (citing *Kupferman,*, 459 F.2d 1072).  TSB's response to this claim is that failure to serve Med Plex was entirely inadvertent in that TSB served everyone on Debtor's service list, but that Med Plex was not included on the list.  Med Plex does not disagree with this assertion.

Service of all parties on Debtor's service list, however, does not excuse TSB from failing to serve other parties in interest.  Bankruptcy Local Rule 4001(a)(4) provides that "[i]n addition to service as required by FED. R. BANKR. P. 4001(a)(1)… the motion must be served on … parties with an interest in collateral that is subject of the requested relief.  BANKR. LOCAL R. 4001(a)(4).  Notwithstanding this rule, however, the Court recognizes that generally, service upon Debtor's service list is sufficient to satisfy notice requirements.  Occasional errors in the procedure of the practice of law are not incomprehensible; the Court will not recognize a cause of action for fraud on the court based on a simple negligent error.

Intent, however, may be generally averred to satisfy Rule 9 requirements.  *E.g. Collmer*, 268 F. Supp. 2d at 723.  Med Plex has alleged that TSB's failure was intentional. The Court finds it has further alleged specific acts sufficient to satisfy the Rule 9 pleading requirements to state a cause of action for fraud on the court.

### *Conclusion*

The motion to dismiss is denied because the Court believes that the Court is compelled to do so by applicable law.  Nevertheless, the parties should not misunderstand this order.  The Court does not see any indication in the pleadings (other than a bare assertion) that TSB's conduct was intentional rather than inadvertent.  However, Rule 9 specifically allows general allegations of the "conditions of a person's mind."  FED. R. BANKR. P. 7009.  The fact that bare assertions may be made in a complaint does not mean that a litigant is free to bandy about such serious allegations unless the litigant and its attorney have made the allegation "to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances."  FED. R. BANKR. P. 9011.  The Court is concerned that serious allegations are being made without sufficient support.

TSB's motion to dismiss is denied.  The Court finds that Med Plex has complied with the Court's March 19, 2007 Case Management Order requiring fraud to be pled with particularity.  Trial of this adversary will commence as scheduled on February 25, 2008 at 1:30 p.m.  A separate order will issue.

Signed at Houston, Texas, on January 18, 2008.

MARVIN ISGUR
United States Bankruptcy Judge